United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:03-CR-238 |
| | § | |
| DANTE BARRERA | § | |

## ORDER

Dante Barrera filed a late notice of appeal from this Court's denial of his motion to reduce sentence The Notice was filed after the 14 day period for time to appeal but within the time to file a motion to extend time to file a notice of appeal, but did not explain the delay in filing. *See* Fed. R. App. P. 4(b)(4). On October 22, 2015, this Court ordered Barrera to file an affidavit explaining his late filing and setting forth facts that might entitle him to an extension of time for good cause or excusable neglect. D.E. 63. The deadline to file an affidavit was November 10, 2015. On December 1, 2015, this Court had received no information from Barrera and denied his construed motion for an extension by Order of that date. D.E. 65. As to Barrera's late response to this Court's Order of October 22, 2015, Barrera states that he did not receive that Order until November 3, 2015, that he mailed his response to that Order by placing it in the prison mail on November 16, 2015, it was returned to him on November 30, 2015, for additional postage and he re-mailed it on December 1, 2015. *See* D.E. 67, pp. 8-12.

The Clerk received Barrera's present motion on December 7, 2015. *Id*. Barrera states that he did not receive this Court's Order dated September 15, 2015, denying his motion for sentence reduction, until September 24, 2015, and believed he had 60 days to file his notice of appeal. *See id.*, pp. 4-5.

The Supreme Court has interpreted excusable neglect to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388 (1993) (construing Bankruptcy Rule 9000(b)(1)); see also *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (*Clark I*) (applying Pioneer to Rule 4(b)).

The factors to be considered in determining excusable neglect are "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial procedures, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Id*.

There is no prejudice to the government from the delay in this case. Although the notice of appeal was late, it was filed well within the period for which an extension of time is available based upon excusable neglect or good cause. There is no evidence of bad faith. The Court finds excusable neglect has been shown. The Court VACATES its previous Order dated December 1, 2015 (D.E. 65) and GRANTS (D.E. 60) Barrera's construed motion for extension of time.

SIGNED and ORDERED this 20th day of January, 2016.

_____
Janis Graham Jack
Senior United States District Judge